UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY MCBURNEY, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>LOWE'S HOME CENTERS, LLC, f/k/a LOWE'S HIW, INC., and NATHAN MACKABEN, an individual<br><br>    Defendants. | Case No. 1:13-cv-00540-ELJ-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Jeremy McBurney's Motion to Strike Defendant Lowe's Home Center, LLC and Nathan Mackaben's Affirmative Defenses to the Complaint and Improper Responses to the Complaint. (Dkt. 12.) Upon review, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record without oral argument. Dist. Idaho Loc. Civ. Rule 7.1(e). For the reasons discussed below, the Court will deny McBurney's motion to strike.

## BACKGROUND

McBurney filed this action against Lowe's and Mackaben in the District Court of

**MEMORANDUM DECISION AND ORDER - 1**

the Fourth Judicial District of the State of Idaho on December 6, 2013. (Dkt. 1-1.) McBurney alleges that his employment with Lowe's was wrongfully terminated in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. On December 30, 2013, Defendants jointly filed a Notice of Removal of this case from state court to this Court. (Dkt. 1.) Lowe's and Mackaben then filed separate Answers to McBurney's Amended Complaint on January 6, 2014 (Dkts. 4, 5.)

On January 22, 2014, McBurney filed his motion to strike under Rule 12(f), attacking various affirmative defenses and certain qualified denials in Defendants' answers. (Dkt. 12.) The motion is fully briefed and ripe for resolution.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003).

The Court has broad discretion in disposing of motions to strike. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) *rev'd on other grounds* 510 U.S. 517 (1994). The Court construes motions to strike in the light most favorable to the non-moving party and will deny the motion if the challenged defenses have "'any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law.'" *United States v. 45.43 Acres of Land Situate in Ada County, Idaho*, No. 1:08-cv-463-CWD, 2009 WL 1605127 (D. Idaho June 4, 2009) (quoting *United States v. Articles of Food . . . Clover Club Potato Chips*, 67 F.R.D. 419, 421 (D. Idaho 1975)).

1.  **Specific Defenses**

All told, McBurney moves to strike 19 "specific defenses" from Lowe's Answer and 17 from Mackaben's. Specifically, McBurney attacks defenses "A" through "F" and "H" through "T" in Lowe's Answer. (Dkt. 4). Mackaben does not plead Lowe's defenses "L" and "O" but otherwise raises the same defenses as Lowe's. (Dkt. 5) The full text of these defenses appear in Defendants' Answers and need not be repeated here.

McBurney argues that all of the challenged defenses are insufficient because they are not supported by facts. In particular, McBurney claims the lack of factual support satisfies neither the Ninth Circuit's "fair notice" standard nor the heightened *Twombly /Iqbal* pleading standard. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Further, he claims that some of the

**MEMORANDUM DECISION AND ORDER - 3**

defenses should be stricken as redundant because they are not affirmative defenses. If these defenses are allowed to stand, McBurney claims he will incur additional discovery expenses. Defendants argue their defenses are legally sufficient and any factual uncertainties can be cured during discovery.

Under the Ninth Circuit's fair notice standard, an affirmative defense is insufficiently pled if it fails to provide the plaintiff with "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam). The "fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Smith v. North Star Charter Sch., Inc.*, No. 1:10-cv-618-WBS, 2011 WL 3205280, at *3 (D. Idaho July 6, 2011) (internal quotations omitted).

Although not factually detailed, each of Defendants' specific defenses gives fair notice. Under Rules 8(b) and 8(c), the responding party must "state" defenses to the claims asserted against it. Here, Defendants did just that. As other courts have held, McBurney "can readily obtain the factual detail [he] seek[s] through common discovery practices."[1] *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-58-RSL, 2011 WL 6300174, at *3 (W.D. Wash. Dec. 16, 2011).

Although district courts are divided on whether *Twombly* and *Iqbal* apply to

---

[1] The Court encourages the parties to confer on discovery procedures that will efficiently address McBurney's concerns about discovery. For example, the parties may stipulate to enlarge the limit on written interrogatories to account for the multitude of defenses raised by Defendants. *See* Fed. R. Civ. P. 33(a)(1).

**MEMORANDUM DECISION AND ORDER - 4**

affirmative defenses, McBurney's argument based on these cases is unpersuasive. Notably, the Ninth Circuit has continued to apply the fair notice standard to affirmative defenses after *Iqbal* and *Twombly*. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). "This strongly suggests that the Ninth Circuit does not believe the more stringent *Twombly/Iqbal* standard should be applied to affirmative defenses." *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013). In addition, the Court is mindful that plaintiffs have significantly more time to formulate a complaint than defendants have to draft an answer. *See* Fed. R. Civ. P. 12(a)(1)(A) (providing 21 days for an answer absent waiver of service). This asymmetry warrants "some latitude," considering that defendants risk waiving affirmative defenses not pled. *See North Star*, 2011 WL 3205280, at *3 n.3.

Moreover, neither *Twombly* nor *Iqbal* addresses the pleading standard for affirmative defenses. Both cases dealt with the sufficiency of complaints and both explicitly construed the pleading requirement contained in Rule 8(a)(2). *Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 1964-65. That rule, unlike Rules 8(b) and (c), requires a "showing that the pleader is entitled to relief." Indeed, the Rule 8(a)(2) "showing" requirement was the textual foundation for the Supreme Court's decisions raising the pleading standard for civil complaints. *See Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

**MEMORANDUM DECISION AND ORDER - 5**

entitled to relief.'"); *Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). In contrast, Rules 8(b) and 8(c) merely require the responding pleader to "state" its defenses. McBurney does not explain why the "showing" requirement should be read into rules from which it is absent, and the Court declines to do so.[2]

The Court also declines in this case to strike Defendants' allegedly redundant defenses. It is true that defenses that negate an element of, or assert a defect in, a plaintiff's prima facie case are negative, not affirmative, defenses. *See Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). But, at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings. McBurney would still have the burden of proving his prima facie case and Defendants would still be entitled to argue that he does not state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(h)(1) (failure to state a claim defense is not waived when omitted from a responsive pleading). Given these practical realities, the Court is loath to micro-manage the pleadings merely to credit McBurney's technical points.

There is no practical utility in striking any of Defendants' defenses. Even if the Court was inclined to do so, it would first provide Defendants the opportunity to amend their Answers. *See, e.g.*, *Intermountain Fair Housing Council v. Michael's Manor*, No.

---

[2] On this score, the Court also notes that it lacks the power to make de facto amendments to the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2072(a) ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.")

**MEMORANDUM DECISION AND ORDER - 6**

4:12-cv-645-BLW, 2013 WL 3944259 (D. Idaho July 29, 2013). Not only would this potentially invite another disfavored motion to strike, it would divert the parties' attention from the merits of a case that should now be well into the discovery phase. To the extent McBurney wishes to test the merits of Defendants' affirmative defenses, a motion to strike is not the proper method. "Were [the Court] to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading. . ., [it] would be creating redundancies within the Federal Rules of Civil Procedure, because. . . a motion for summary judgment at a later stage in the proceedings. . . already serves such a purpose." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). The Court will therefore deny the motion to strike with respect to Defendants' specific defenses.

2. **Qualified Denials**

McBurney also attacks some of Defendants' responses to allegations in his Amended Complaint. For example, Lowe's avers: "Paragraph 33 of Plaintiff's Amended Complaint states a legal conclusion to which Lowe's is not required to respond. To the extent a response is required, Lowe's denies the allegations in Paragraph 33 of Plaintiff's Amended Complaint." (Dkt. 4 ¶ 33.) McBurney complains that such qualified denials are unauthorized and unclear. He contends they might be read as agreeing to the legal conclusion but disagreeing with the facts, vice versa, or disagreeing with both the facts

and law. For this reason, McBurney asks the Court to order Defendants to revise their qualified denials.[3]

Rule 8(b) authorizes three responses to an allegation in a complaint: (1) an admission, (2) a denial, or (3) a statement of absence of knowledge or information sufficient to form a belief about the truth of an allegation. *See* Fed. R. Civ. P. 8(b)(1)(B), (5). Simply averring that a plaintiff's allegations "state a legal conclusion to which the defendant is not required to respond" would be insufficient under this rule. But Defendants went further and denied the allegations to the extent necessary. This is enough to satisfy Rule 8(b). *See North Star*, 2011 WL 3205280, at *5. If McBurney wishes to "pin down" Defendants on their denials, he may do so through the discovery process, either through requests for admissions or depositions. Therefore, McBurney's motion is denied with respect to Defendants' qualified denials.

## CONCLUSION

As a final note, the Court reminds the parties that motions to strike are disfavored—not least because they may delay proceedings and consume the valuable time of all involved. The record contains no indication that McBurney attempted to confer with Defendants before filing his motion to strike. In the Court's view, the issues raised in the motion are largely matters of form that could have been addressed between

---

[3] The offending denials in Lowe's Answer appear at Docket No. 4, Paragraphs 33-37, 39-41, 43, 47, and 55. The challenged denials in Mackaben's Answer appear at Docket No. 5, Paragraphs 33-37, 39-41, 43, 47, and 55.

**MEMORANDUM DECISION AND ORDER - 8**

or among the experienced lawyers representing the parties, without the Court's intervention at this early stage in the litigation.[4]

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike, (Dkt. 12), is **DENIED**.

Dated: **July 02, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

---

[4] Per the Scheduling Order, the amended pleading deadline is October 24, 2014, and the deadline for pretrial motions is February 23, 2015. (Dkt. 20.)

**MEMORANDUM DECISION AND ORDER - 9**